UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

IN RE:

JOSEPH D. ARTERBERRY, SR., and
CASSANDRA TALLEY-ARTERBERRY,

CASE NO.: 16-19106-RBR
Chapter 13

Debtors.
_____/

**MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY AMERICAN INVESTMENT SERVICES**

**IMPORTANT NOTICE TO CREDITORS:
THIS IS A MOTION TO VALUE YOUR COLLATERAL**

**This Motion seeks to value collateral described below securing the claim of the creditor listed below.**

**IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING
[SEE LOCAL RULE 3015-3(A)(4)]**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled [See Local Rule 3015-(A)(4)].**

1. Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, and Local Rule 3015-3, the debtors seek to value real property securing the claim of American Investment Services (the "Lender"). Lender holds a mortgage recorded at OR Book 40890 Page 1699 in the official records of Broward County, Florida.

2. The real property is located at 2870 NW 70th Avenue, Margate, Florida 33063 and is more particularly described as follows:

   HOLIDAY SPRINGS EAST 133-49 B, A PORTION PARCEL V, Described as: Commence at SW Corner of said Parcel, NWLY 78.72 to P/T, NWLY 321.71, NWLY 66.37, NELY 135.34, NWLY 57.54, NELY 15, TO POB, NWLY 23.71, NWLY 29.59, NELY 100, SELY 29.59, SELY 20.41, SWLY 100 TO POB, a/k/a Lot 53, of CORAL LAKES ESTATES, Public Records of Broward County, Florida

3. At the time of the filing of this case, the value of the real property is $285,121.00 as determined by Zillow.com.

4. Ocwen Loan Servicing, LLC, Coral Lakes Estates Maintenance Assoc., Inc. and Ocwen Loan Servicing formerly First NLC Financial Services, LLC hold liens on the real property senior to priority of Lender, securing claims in the aggregate amount of $314,264.14.

5.  (Select only one):

    __X__  Lender's collateral consists solely of the debtors' principal residence.  As there is no equity in the real property after payment in full of the claims secured by liens senior to that of Lender, the value of Lender's secured interest in the real property is $<u>0.00</u>.

    _____  Lender's collateral is not solely the debtors' principal residence.  After payment in full of the claims secured by liens senior to that of Lender, there is $_____ remaining in the real property.  Accordingly, the value of Lender's secured interest in the real property is $_____ and the value of the Lender's unsecured, deficiency claim is $_____.

6.  The undersigned has reviewed the docket and claims register and states (select only one):

    __X__  Lender has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extend provided in Paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

    OR

    _____  Lender has filed a proof of claim in this case.  It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7.  The subject real property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE,** the debtors respectfully request an order of the Court (a) determining the value of the real property asserted in this Motion, (b) determining the secured status of the Lender's lien as stated above, (c) determining that any time filed proof of claim is classified as above, (d) if Lender's secured interest in the real property is determined to be $0.00, determining Lender's pre-petition amounts owed on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtors' discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1.  In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtors, the debtors' attorney, and the trustee at least two (2) business days prior to the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated about without further notice, hearing, or order of the Court.  Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing on the Motion.

2.  The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

Dated:  July 18, 2016.

                                         **The McCue Law Firm, P.A.**
                                         Attorneys for the Debtors
                                         1600 South Federal Highway
                                         Suite 451
                                         Pompano Beach, Florida 33062
                                         Telephone:  954-267-9377
                                         Facsimile:  877-810-6181

                                         By<u>: /s/ Christian A. McCue, Esq.</u>
                                              Florida Bar No.:  0059528
                                              Christian.McCue@McCueLaw.com